UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAT DORRANCE,<br>　　　Plaintiff,<br><br>-v-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　Defendant.<br>_____ | No. 1:13-cv-643<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Pat Dorrance filed a complaint seeking a review of a decision by the Commissioner of Social Security denying her claim for Social Security Disability Benefits and Supplemental Security Income. The magistrate judge issued a report recommending the Court affirm Commissioner's decision. (ECF No. 18.) Plaintiff filed objections. (ECF No. 19.)

After being served with a Report and Recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Having reviewed the record, the Court finds the report accurately states the facts and also finds the recommendations sound. The specific objections to the R&R do not undermine the reasoning advanced or the conclusions provided in the R&R. Although the R&R advanced four recommended conclusions, Plaintiff has specifically objected only to the second recommendation,

the discussion of the Administrative Law Judge's (ALJ) assessment of the medical opinions. The ALJ afforded little weight to the treating physicians because their medical findings regarding Plaintiff's ability to perform various activities were not supported by objective medical findings about Plaintiff's physical or mental conditions. The perfunctory opinions provided little, if any, explanation for the conclusions. A review of the ALJ's citations to the record confirm that conclusion. The omission of any reference to *Buxton v. Halter*, 246 F.3d 726 (6th Cir. 2001) is not a reason to reject the R&R. The relevant holding in *Buxton* is merely an application of the treating physician rule in the context of a chronic fatigue syndrome diagnosis. With the conclusion that the treating physician's opinions were not entitled to deference, the ALJ's decision was not in error.

For these reasons, the R&R (ECF No. 18) is **ADOPTED** as the opinion of this Court.  **IT IS SO ORDERED.**


Date:   September 23, 2014                                 /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             Chief United States District Judge